IN THE UNITED STATES COURT OF
APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as* President of the United States of America*, et al.*,<br><br>    Defendants-Appellants. | Appeal No. 25-4514<br><br>On appeal from the U.S. District Court for the Northern District of California, Case No. 4:25-cv-03140-JSW<br><br>Briefing Deadline: Oct. 3, 2025 |

**DEFENDANTS-APPELLANTS' MOTION
FOR REMAND PURSUANT TO FED. R. APP. P. 12.1 AND REQUEST TO
HOLD BRIEFING IN ABEYANCE**

Defendants-Appellants respectfully request that this Court remand this appeal under Fed. R. App. P. 12.1(b) for the limited purpose of permitting the district court to take action consistent with its August 22, 2025, order which denied a stay of the injunction pending appeal but also indicated an intent to revise (and narrow) the scope of that injunction. Defendants-Appellants also respectfully request that this Court hold briefing on the appeal in abeyance until after the scope of the injunction has been revised. Defendants-Appellants' opening brief is currently due October 3, 2025.

1

## BACKGROUND

1. Plaintiffs-Appellees filed suit against the government alleging claims under the Administrative Procedure Act and procedural due process. Plaintiffs-Appellees sought a preliminary injunction, which the district court granted (Dkt. 69), and which is the order appealed from.

2. The district court's injunction order enjoined the Department of Homeland Security and those working in concert with it as follows:

> from arresting and incarcerating any of the named Plaintiffs in these cases and similarly situated individuals nationwide pending resolution of these proceedings;
>
> from transferring any of the named Plaintiffs in these cases and similarly situated individuals nationwide from outside the jurisdiction of their residence pending the resolution of these proceedings;
>
> from imposing any adverse legal effect on any named Plaintiffs in these cases and similarly situated individuals nationwide that otherwise may be caused by the termination of their SEVIS record; and
>
> from reversing the reinstatement of the SEVIS record of the Plaintiffs in these cases and similarly situated individuals nationwide who are maintaining status under 8 C.F.R. section 214.2(f)(5)(i) for reasons not set forth in 8 Code of Federal Regulations section 214.1 without further showing and approval by the Court.

Dkt. 69 at 20-21.

3. The government sought a stay of aspects of the preliminary injunction order pending appeal because the order granted overly broad relief (such as a bar on

2

arrests for any reason) and because it was nationwide in scope. Dkt. 81. Plaintiffs opposed that motion but in doing so conceded that, "Plaintiffs do not interpret the Court's PI to prevent ICE from arresting them and similarly situated individuals at any time for reasons wholly disconnected from the termination of their SEVIS records. *This is simply not the relief Plaintiffs have ever sought from this Court.*" Dkt. 87 at 9 (emphasis added).

4.  After a hearing on the motion, the district court declined to stay the nationwide effect of the preliminary injunction. Dkt. 92 (Attached as Exhibit A). It did, however, indicate an intent to modify and narrow the scope of the arrest and detention provisions, in part because of Plaintiffs' concessions that they had not sought the relief granted, and stated that "the Court will not limit the modification to the duration of Defendants' appeal." *Id.* at 4. The district court's opinion contains a new paragraph for the injunction to reflect the modifications to the arrest and detention provisions (*id.* at 7) but the district court has not entered a new order under Fed. R. Civ. P. 65 setting forth the full injunction, as modified, in a single document.

## ARGUMENT

5.  Although a district court retains some jurisdiction to modify an injunction pursuant to Fed. R. Civ. P. 62(d) after an appeal has been taken, that jurisdiction does not extend to modifications that alter the status quo. *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

3

6. When a district court lacks jurisdiction to take actions on certain claims, it can issue an indicative ruling that prospectively indicates how the court would act on those claims. *See* Fed. R. Civ. P. 62.1; Fed. R. App. P. 12.1. This Court will treat a ruling as an indicative ruling, even if not in response to a motion pursuant to Fed. R. Civ. P. 62.1, if "the district court has already indicated it would grant a motion for the requested relief." *Mendina v. Garcia*, 874 F.3d 1118, 1122 (9th Cir. 2017).

7. The district court's opinion in this case should be treated as an indicative ruling even though it was not in response to a motion under Fed. R. Civ. P. 62.1 because the district court lacked the jurisdiction to make the proposed modification. In particular, the proposed modification materially alters the scope of the injunction by substantially narrowing provisions of it, and thus would alter the status quo after the notice of appeal. *See Nat. Res. Def. Council*, 242 F.3d at 1166.

8. Further, the district court's order on the motion to stay should not be viewed as an injunction order under Fed. R. Civ. P. 65(d) because it does not set forth all terms of the injunction specifically as required by that Rule. *See* Fed. R. Civ. P. 65(d)(1)(B); *see also Perdomo v. Noem*, 148 F.4th 656 (9th Cir. 2025) (observing that specificity requirements of Rule 65(d) are not technicalities and are designed to facilitate appellate review and provide clarity to those enjoined). Instead, it sets forth only one new provision, which is meant to modify "the arrest and incarceration provisions." Dkt. 92 at 7.

4

9. Furthermore, by first stating in the Opinion and Order that "[t]he reversal provision remains as set forth in the original injunction. The Court modifies the arrest and incarceration provisions of the preliminary injunctions as follows:" followed by the modified provision only, the district court has necessarily incorporated by reference the original injunction order. *Id.* Incorporation by reference in an injunction order is generally disfavored. *See* Fed. R. Civ. P. 65(d)(1)(C); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1132-33 (9th Cir. 2006) (explaining that incorporation by reference is disfavored and permitted only in limited scenarios such as when the referenced document is attached to the order). This too suggests that the district court did not enter an actual injunction order.

10. For all of these reasons, the district court's order on the motion to stay should be treated as an indicative ruling under Fed. R. App. P. 12.1 as to how the district court would modify the injunction if it had jurisdiction to do so. *See Mendina*, 874 F.3d at 1122.

11. After an indicative ruling, this Court may remand a pending appeal to allow the district court to take action in accordance with its indicative ruling. Fed. R. App. P. 12.1(b) ("[T]he court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal.").

12. Accordingly, the government respectfully requests that the Court treat the district court's August 22, 2025, opinion (Dkt. 92) as an indicative ruling and remand the case pursuant to Fed. R. App. P. 12.1(b) to enable the district court to modify the scope of the injunction at issue in this appeal.

13. The government further respectfully requests that all briefing in this appeal be stayed until after such time that the district court has modified the injunction, at which point a new briefing schedule can be entered.

14. Counsel for Plaintiffs-Appellees has indicated that they oppose this motion.

## CONCLUSION

The government respectfully requests that the Court issue a limited remand of this appeal for the limited purpose of permitting the district court to take action consistent with its August 22, 2025, order.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALESSANDRA FASO
Acting Assistant Director

/s/ *Alexandra Schulte*
ALEXANDRA SCHULTE
Senior Litigation Counsel
United States Department of Justice
Civil Division

Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 718-0483

Date: September 26, 2025        *Attorneys for Appellants*

### CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 1,218 words, excluding the part of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14-point, Times New Roman font.

/s/ Alexandra Schulte
ALEXANDRA Schulte
Senior Litigation Counsel
U.S. Department of Justice
Civil Division