UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE<br><br>Plaintiff-Appellee,<br><br>vs.<br><br>KRISTI NOEM, et al.<br><br>Defendants-Appellants. | **CASE No. 25-4514** |

**PLAINTIFFS-APPELLEES'[1] OPPOSITION TO
DEFENDANTS-APPELLANTS'
MOTION FOR REMAND AND
REQUEST TO HOLD BRIEFING IN ABEYANCE**

---

[1] Plaintiffs-Appellees in *Chen v. Noem*, 25-4521, *Doe v. Trump*, 25-4514, *S.Y. v. Noem*, 25-4523, *J.C. v. Noem*, 25-4527, and *W.B. v. Noem*, 25-4519, are filing a consolidated opposition for the Court's convenience.

Defendants-Appellants' motion is unnecessarily burdensome on judicial resources, as it seeks remand to the District Court so that the District Court can issue relief that it has already granted.

## ARGUMENT

In a series of related lawsuits[2] Plaintiffs-Appellees—international students and post-graduate employees studying or working in the United States—challenged the unlawful terminations of their Student Exchange and Visitor Information System (SEVIS) records by Immigration and Customs Enforcement. On May 22, 2025, the District Court issued a preliminary injunction in this case. *Chen, et al. v. Noem, et al.*, No. 25-cv-03292-JSW, Dkt. 53 (May 22, 2025). Specifically, the District Court enjoined Defendants-Appellants:

> from arresting and incarcerating any of the named Plaintiffs in these cases and similarly situated individuals nationwide pending resolution of these proceedings:
>
> from transferring any of the named Plaintiffs in these cases and similarly situated individuals nationwide from outside the jurisdiction of their residence pending the resolution of these proceedings;
>
> from imposing any adverse legal effect on any named Plaintiffs in these cases and similarly situated individuals nationwide that otherwise may be caused by the termination of their SEVIS record; and
>
> from reversing the reinstatement of the SEVIS record of the Plaintiffs in these cases and similarly situated individuals nationwide who are maintaining status under 8 C.F.R. section 214.2(f)(5)(i) for reasons not

---

[2] *See also Doe v. Trump*, 25-4514, *S.Y. v. Noem*, 25-4523, *J.C. v. Noem*, 25-4527.

    set forth in 8 Code of Federal Regulations section 214.1 without further showing and approval by the Court.

*Id.* at 20-21.

    Exactly 60 days later, Defendants-Appellants filed a Notice of Appeal. *Chen* Dkt. 63. Two and a half weeks later, on August 8, Defendants-Appellants moved in the District Court to stay the injunction pending appeal. *Chen* Dkt. 68.

    In their Motion to Stay, Defendants-Appellants made arguments for the first time about the scope of the injunction and, in particular, as to the "statutory provisions governing arrest and removal under the INA." *Chen* Dkt. 68 at 8; *see also Chen* Dkt. 83 at 11 (Plaintiffs' Opposition, noting forfeiture). Notwithstanding that Defendants-Appellants had forfeited arguments regarding the scope of the injunction by failing to raise them during briefing, Plaintiffs-Appellees stated that they were amenable to modifying the injunction to clarify that the May 22 injunction did not apply to arrests unrelated to the unlawful termination of their SEVIS records (which was the actual issue litigated in this case). *Chen* Dkt. 83 at 10. Plaintiffs-Appellees proposed narrowing the language of the injunction as follows:

> Secretary Noem, Acting Director Lyons, and Acting Field Director Becerra, as well as their officers, agents, servants, employees, attorneys, and all other who are in active concert or participation with them are HEREBY ENJOINED:
>
> from arresting and incarcerating, on the basis of the unlawful termination of their SEVIS record, any of the named Plaintiffs in these cases and similarly situated individuals nationwide pending resolution of these proceedings.

3

*Chen* Dkt. 83 at 10.

On August 22, the District Court denied in part and granted in part Defendants-Appellants' motion to stay, denying their request to limit the nationwide scope of the injunction and granting their request to narrow the scope of the injunction's "arrest and detention" provisions. *Chen* Dkt. 85 at 4. Importantly, the District Court did "not limit the modification to the duration of Defendant's appeal," thereby clarifying that the modification of the injunction was not limited to context of the motion to stay. *Id.* The District Court's ability to modify the scope of its injunction was clear, as "a district court ordinarily has the power to modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin*, 579 U.S. 40, 46–47 (2016) (citing *Marconi Wireless Telegraph Co. of America v. United States*, 320 U.S. 1, 47–48, (1943)).

Meanwhile, before this Court, on August 18 (10 days after Defendants-Appellants filed their motion to stay the injunction pending appeal in the District Court), Defendants-Appellants here filed an unopposed motion to extend their briefing time by 45 days (until October 3), so that it could decide whether or not to even pursue this appeal in the first place. *See* Dkt. 7.2 at 1-2. This Court granted that motion. Dkt. 8.

Now, Defendants-Appellants seek to stay proceedings (Dkt. 10) and remand to the District Court (Dkt. 9) so the District Court can restate that the modification

4

of the injunction it already performed is not limited to the duration of the appeal. Defendants-Appellants argue this burdensome remand is required because the District Court did not have jurisdiction to modify the injunction in light of the Notice of Appeal. *See*, *e.g.*, Dkt. 9.1 at 6. But this cumbersome procedure is unnecessary. Defendants-Appellants are wrong about the District Court's lack of jurisdiction, and even if they were right, no such procedure would be necessary.

Federal Rule of Civil Procedure 62(c) authorizes District Courts to "suspend, modify, restore, or grant an injunction" while a case is on appeal, so long as they are "on terms" which "secure the opposing party's rights." Here, because the language of the modification was agreed to by Plaintiffs, the plain text of Rule 62(c) is met. And this Court has confirmed that Rule 62(c) grants the District Court broad power to issue or modify injunctions so long as it does not "adjudicate anew the merits of the case" or otherwise "materially alter the status of the case on appeal." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). That is the case here. This Court has also recognized a district court's "inherent authority to modify a preliminary injunction in consideration of new facts," an authority not confined by the requirements of Rule 62(c). *A&M Records v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002).

And even if Rule 62(c) or a court's inherent authority did not grant the District Court the power to modify the injunction here until a remand from this Court, the

5

result would still be the same. Defendants-Appellants do not argue that the District Court has not, at a minimum, issued a partial stay of the injunction pending appeal on the terms they now say must be re-issued on remand. So, for the pendency of the appeal, the injunction has been effectively modified regardless of the District Court's jurisdiction. *See also* Fed. R. App. 8(a)(1)(C) (requiring a party to move in the district court for "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending"). Any necessary amendment to the injunction can therefore happen on remand in the ordinary course at the end of this appeal.

It has now been over four months since the District Court issued its preliminary injunction, and Defendants-Appellants have not even committed to pursuing an appeal. It now seeks a remand for an unnecessary perfunctory action and then a new briefing schedule, *see* Dkt. 10.1 at 6, moving this case out at least until November, and possibly later if Defendants-Appellants then ask for another extension on their brief. At some point, Defendants-Appellants must either file their opening brief in this matter or acquiesce to the preliminary injunction and dismiss its appeal.

Respectfully Submitted,

October 6, 2025

/s/ Justin Sadowsky
Justin Sadowsky
CHINESE AMERICAN LEGAL DEFENSE ALLIANCE
4250 N. Fairfax Drive #600
Arlington, VA 22203

6

Keliang (Clay) Zhu
Andre Y. Bates
DEHANG LAW OFFICES PC
7901 Stoneridge Drive #208
Pleasanton, CA 94588

*Attorneys for Chen Plaintiffs-Appellants*

/s/ Johnny Sinodis
Johnny Sinodis
Marc Van Der Hout
Oona Cahill
VAN DER HOUT LLP
360 Post St., Suite 800
San Francisco, CA 94108

Attorneys for *Doe*, *S.Y.*, and *J.C.* Plaintiffs-Appellants

/s/ Ben Loveman
Ben Loveman
Reeves Immigration Law Group
425 California Street, Suite 1250
San Francisco, CA 94104

Attorney for *W.B* Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,181 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Times New Roman 14-point font using Microsoft Word for Microsoft 365 Online.

/s/Johnny Sinodis
Johnny Sinodis